UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

**ANDREA HOAGE**
N3044 Highway 40
Bruce, WI 54819

Plaintiff,

Case No. 22-CV- 269

vs.

**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**
Registered Agent:
Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

Defendant.

---

**COMPLAINT**

---

The Plaintiff, Andrea Hoage, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

**PARTIES**

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Bruce, Wisconsin.

2. Defendant, Lincoln Life Assurance Company of Boston ("Lincoln"), on information and belief is a corporation organized under the laws of New Hampshire, licensed to do business in Wisconsin.

3. On information and belief, Defendant administers and insures a short-term disability insurance plan for McCain Foods USA, Inc. ("the Plan" respectively), an

employee welfare benefit plan subject to ERISA as amended, that has been in effect since at least February 15, 2020 and continues to the present time.

## JURISDICTION & VENUE

4. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

5. Jurisdiction over this action is conferred upon this Court because the claims herein arise under ERISA.

6. Venue is proper in the Western District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

7. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

8. Plaintiff is a former Separator for McCain Foods USA, Inc.

9. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the short-term disability insurance ("STDI") benefits provided by the Plan.

10. The Plan purports to provide a monthly benefit to eligible employees who become disabled, by paying said disabled employees a percentage of their pre-disability monthly earnings.

11. Plaintiff ceased working on February 15, 2020 due to her left hip abductor tendon tear.

12. As of February 15, 2020, Plaintiff became disabled as defined by the Plan.

13. Defendant denied Plaintiff's STDI benefits claim for her left hip injury in the entirety.

14. Plaintiff's STDI benefit is worth $404.40 per week.

15. Defendant was responsible for determining whether Plaintiff was eligible for STDI benefits.

16. Defendant was responsible for paying Plaintiff's STDI benefits.

17. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim.

18. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

19. Plaintiff submitted all information requested by the Defendant.

20. Defendant failed to consider the issues raised in Plaintiff's appeal.

21. Defendant ignored clear medical evidence of Plaintiff's medical conditions and disability.

22. Defendant did not perform a "full and fair review" of Plaintiff's claim.

23. Defendant failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

24. Defendant failed to adequately explain why it rejected specific evidence in Plaintiff's file.

25. Defendant failed to engage in a meaningful dialogue with Plaintiff.

26. Defendant failed to adequately explain its reasons for denying Plaintiff benefits.

27. Defendant conducted a selective review of Plaintiff's medical records.

28. Defendant failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

29. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

30. At all times material to this case, the Plan has remained in full force and effect.

31. Defendant's denial of Plaintiff's STDI benefits claim caused Plaintiff to suffer the loss of benefits and to incur expenses.

## FIRST CAUSE OF ACTION: DENIAL OF BENEFITS IN VIOLATION OF SECTION 502(a)(1)(B) OF ERISA

32. The preceding paragraphs are reincorporated by reference as though set forth here in full.

33. Plaintiff has been and remains disabled, as that term is defined by the Plan. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plans have not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

34. Defendant wrongfully denied STDI benefits due to Plaintiff.

35. Alternatively, if the arbitrary and capricious standard of review applies, then Defendant arbitrarily and capriciously denied Plaintiff benefits.

36. Defendant interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

37. Upon information and belief, Defendant inconsistently interpreted the terms and conditions of the Plans from one case to the next.

38. As both the payer of claims and the adjudicator of STDI claim eligibility, Defendant has an inherent conflict of interest.

39. Defendant's denial of Plaintiff's STDI benefits was "downright unreasonable."

40. For these and other reasons, Defendant wrongfully denied Plaintiff's claim for STDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Andrea Hoage, demands judgment from the Defendant for the following:

A. Payment of all retroactive STDI benefits owed to Plaintiff under the terms and conditions of the Plans;

C. Prejudgment interest;

D. Reasonable attorney's fees and costs related to the action; and

E. Such other and further relief that the Court deems just and equitable.

Dated: May 12, 2022.

**HAWKS QUINDEL, S.C.**
*Attorneys for Plaintiff, Andrea Hoage*

By: *_/s/ William E. Parsons_*
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
Naomi R. Swain, State Bar No. 1115655
Email: nswain@hq-law.com
409 East Main Street
Madison, Wisconsin 53703
Telephone: 608/257-0040
Facsimile: 608/256-0236